1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

T.P., D.W., and C.T.,

               Plaintiffs,

      v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, DEPARTMENT
OF CHILDREN, YOUTH AND FAMILY
SERVICES; MARK REDAL; MIRIAM
MADISON, TOM WARDEN; LAURA
RAMBO; COLLETTE QUEENER;
KIWANIS, a non-profit corporation;
OLYMPIA KIWANIS' BOYS RANCH,
a/k/a O.K. BOYS RANCH, a non-profit
corporation; the KIWANIS CLUB OF
OLYMPIA, WASHINGTON, a non-profit
corporation; and KIWANIS
INTERNATIONAL, a non-profit
corporation,

               Defendants.

CASE NO. 16-5298 RJB

ORDER DISMISSING FEDERAL
CLAIMS AND REMANDING CASE

     This matter comes before the Court on the Plaintiffs' Motion to Amend and Remand

(Dkt. 14), Defendants' Mark Redal and Miriam Madison's Fed. R. Civ. P. 12(b)(6) Motion to

Dismiss (Dkt. 10), Defendants State of Washington, Department of Social and Health Services, Department of Children, Youth, and Family Services, Child Protective Services' Motion to Strike Paragraph 3.1 of the Second Amended Complaint and/or in the alternative Motion for a More Definite Statement (Dkt. 8) and Defendant Laura Rambo's Motion to Join with Defendant is Motion for More Definite Statement and/or Motion to Strike (Dkt. 18).  The Court has considered the motions and remaining file, and is fully advised.

On April 20, 2016, Defendants Mark Redal and Miriam Madison removed this case from Thurston County, Washington Superior Court asserting that this Court had federal question jurisdiction based on 28 U.S.C. § 1331.  Dkt. 1.  The Second Amended Complaint asserts claims against Mark Redal and Miriam Madison (alone) for violations of the Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983 and makes state law claims against them and other Defendants.  Dkts. 1-2 and 17-3. (The Court notes that this case is a consolidation of two cases, which was done by the stipulation of the parties just before the case was removed.  There are two separate complaints in the record at present.)

On April 27, 2016, Defendants Mark Redal and Miriam Madison filed their Fed. R. Civ. P. 12 (b)(6) Motion to Dismiss.  Dkt. 10.  Defendants Redal and Madison seek an order dismissing Plaintiff's claims under 42 U.S.C. § 1983 for failing plead specific facts in order to state a claim under 42 U.S.C. § 1983.  *Id.*

The next day, Plaintiffs filed a Response, and stated that they are now asking to be allowed to "forego and/or amend to exclude" their § 1983 claims.  Dkt. 12.  They state that their constitutional claims are being "voluntarily foregone."  Dkt. 12, at 3.

That same day, Plaintiffs also filed a motion seeking leave to file an amended complaint and for an order remanding the case to Thurston County, Washington Superior Court.  Dkt. 14.

ORDER DISMISSING FEDERAL CLAIMS AND
REMANDING CASE- 2

1   In that pleading, Plaintiffs state that they are abandoning their claims against Mark Redal and

2   Miriam Madison for violations of the Plaintiffs' constitutional rights pursuant to 42 U.S.C. §

3   1983 and seek leave to delete that claim from their complaint.  *Id.*  Plaintiffs also argue that the

4   case should be remanded because there are no federal claims remaining.  *Id.*

5        **Federal Constitutional Claims.** Plaintiffs' motion for leave to amend their Second

6   Amended Complaint and remove their federal constitutional claims (Dkt. 14) should be granted.

7   Considering the procedural posture of this case, including the need to maintain a clear record,

8   and considering Plaintiffs' stated intention to forego these claims in their Response, Plaintiffs'

9   motion should be construed as a motion to voluntarily dismiss their federal constitutional claims.

10  Fed. R. Civ. P. 41.  Plaintiffs' constitutional claims brought pursuant to 42 U.S.C. § 1983 should

11  be dismissed without prejudice.  While Defendants Redal and Madison's Motion to Dismiss

12  (Dkt. 10) is not noted for consideration until May 20, 2016, considering that Plaintiffs have

13  agreed to abandon the claims that are the subject of the motion, the motion to dismiss (Dkt. 10)

14  should be stricken as moot.

15        **Remand.**  Further, this case should be remanded to Thurston County, Washington

16  Superior Court.

17        Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental

18  jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law,

19  (2) the state claims substantially predominate over the claim which the district court has original

20  jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

21  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

22  "While discretion to decline to exercise supplemental jurisdiction over state law claims is

23  triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of

24

ORDER DISMISSING FEDERAL CLAIMS AND
REMANDING CASE- 3

1 | economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999,

2 | 1001 (9th Cir. 1997)(*internal citations omitted*).

3 |     Here, two of the four conditions in § 1367(c) are present.  As above, all Plaintiffs' federal

4 | claims are dismissed by this order.  Accordingly, this Court has "dismissed all claims over which

5 | it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction

6 | over the state law claims under § 1367(c)(3).  Moreover, the remaining state claims "raise novel

7 | or complex issues of state law" under § 1367(c)(1); complex issues for which the state court is

8 | uniquely suited.  Because state courts have a strong interest in enforcing their own laws, *See*

9 | *Carnegie-Mellon University v. Cohill,*484 U.S. 343, 352 (1988), the value of comity is served by

10 | this Court declining jurisdiction.  Further, the values of economy, convenience, and fairness may

11 | well be served by this Court's declining to exercise supplemental jurisdiction.  *See Acri* at 1001.

12 |     **Other Pending Motions**.  While the Court does not like remanding cases with motions

13 | pending, for the sake of allowing the Thurston County, Washington Superior Court to manage

14 | the case as it sees fit and set its own deadlines, all other pending motions, including Defendants

15 | State of Washington, Department of Social and Health Services, Department of Children, Youth,

16 | and Family Services, Child Protective Services' Motion to Strike Paragraph 3.1 of the Second

17 | Amended Complaint and/or in the alternative Motion for a More Definite Statement (Dkt. 8) and

18 | Defendant Laura Rambo's Motion to Join with Defendant is Motion for More Definite Statement

19 | and/or Motion to Strike (Dkt. 18) will remain pending to be considered by that court.

20 | **ORDER**

21 |     • Plaintiffs' Motion to Amend and Remand (Dkt. 14) **IS GRANTED**;

22 |       o Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983,

23 |         **ARE DISMISSED WITHOUT PREJUDICE**;

24 |

1         o   Defendants' Mark Redal and Miriam Madison's Fed. R. Civ. P. 12(b)(6)

2            Motion to Dismiss (Dkt. 10) **IS STRICKEN AS MOOT**;

3         o   This case is **REMANDED** to **THURSTON COUNTY, WASHINGTON**

4            **SUPERIOR COURT**.

5        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6    to any party appearing *pro se* at said party's last known address.

7        Dated this 16th day of May, 2016.

8

9                    *Robert J Bryan*

10                  ROBERT J. BRYAN
                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DISMISSING FEDERAL CLAIMS AND
REMANDING CASE- 5